```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

YANHONG CHEN and LUTONG
YANG, on behalf
of themselves and all others
similarly situated,

       Plaintiffs,

v.                                    Case No.: 8:22-cv-2774-VMC-MRM

WOW RESTAURANT TH LLC
d/b/a YAKI SUSHI GRILL BBQ, and
TRINH HUYNH, individually,

       Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Defendants Wow Restaurant TH LLC and Trinh Huynh's Amended Motion to Dismiss (Doc. # 36), filed on January 29, 2023. Plaintiffs Yahong Chen and Lutong Chen filed a response in opposition on February 17, 2023. (Doc. # 39). For the reasons that follow, the Motion is denied.

**I.  Background**

Yahong Chen and Lutong Yang worked at Yaki Sushi Grill BBQ from August 2020 to April 2022 and July 2019 to April 2022, respectively. (Doc. # 23 at ¶¶ 10-11, 22-23, 40-41). Chen performed various tasks at the restaurant, including "miscellaneous kitchen helper," waitress, hostess, and

1

cashier. (Id. at ¶ 27). (Id. at ¶¶ 10-11). Yang "help[ed] with renovation until the restaurant opened" and worked as a sushi chef. (Id. at ¶ 41). Chen received tips for her work as a waitress but did not receive tips in any of her other roles. (Id. at ¶ 27). Yang did not receive tips. (Id. at ¶ 41).

Yaki Sushi is owned by Wow Restaurant TH LLC ("Wow"), of which Huynh is a member. (Id. at ¶¶ 17-20). Huynh is the only individual authorized to manage Wow, and she was "on-site, hands-on manager of Yaki Sushi" who hired and supervised employees, determined employees' salaries, and kept payroll records. (Id. at ¶ 16). Wow promised to pay Chen and Yang a flat monthly salary and provided lodging for both. (Id. at ¶¶ 31-32, 42-44). Chen and Yang worked approximately 97 hours per week (Id. at ¶¶ 3, 48); however, Wow failed to keep records of employees' working time. (Id. at ¶ 38). It also failed to record tips earned by its employees. (Id. at ¶ 27). Additionally, Wow defaulted on its promise to pay its employees' full flat monthly salaries, resulting in its employees, including Chen and Yang, earning less than the minimum wage. (Id. at ¶¶ 79-81). Finally, Wow did not pay its employees overtime. (Id. at ¶¶ 90-92).

On December 6, 2022, Chen and Yang filed this putative collective and class action against Wow and Huynh, alleging

2

violations of the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA"). (Doc. # 1). Chen and Yang filed an amended complaint on January 16, 2023. (Doc. # 23). In their amended complaint, they assert a FLSA minimum wage claim against Wow and Huynh, on behalf of themselves and the collective (Count I); a FMWA minimum wage claim against Wow, on behalf of themselves and the class (Count II); a FLSA overtime claim against Wow and Huynh, on behalf of themselves and the collective (Count 3); and a breach of contract claim against Wow on behalf of themselves (Count IV). (Id. at 15-19).

On January 29, 2023, Wow and Huynh filed their Amended Motion to Dismiss, seeking dismissal of all counts. (Doc. # 36). Chen and Yang have responded (Doc. # 39), and the Motion is ripe for review.

## II. **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs.,

3

901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. **Analysis**

Wow and Huynh make three distinct arguments in favor of dismissal: (1) Chen and Yang have not sufficiently alleged that Yaki Sushi's non-exempt employees were similarly situated so as to maintain a collective action; (2) Chen and Yang failed to meet the pre-suit notice requirement of the FMWA; and (3) Chen and Yang cannot bring Counts II and IV

4

against Huynh individually. (Doc. # 36). The Court will address each argument in turn.

### A. Non-Exempt Employees are Similarly Situated

Wow and Huynh argue that the amended complaint should be dismissed in its entirety because Chen and Yang allege that the collective should include all non-exempt employees, who held both tipped and non-tipped positions. (Doc. # 36 at 2-3) (citing (Doc. # 23 at ¶ 59)). Chen and Yang respond that the amended complaint contains sufficient allegations that the collective members were similarly situated. They argue that all employees were similarly situated because they were subject to the restaurant's common practice of failing to pay promised salaries and failing to pay overtime – regardless of whether the employees were in tipped or non-tipped positions. (Doc. # 39 at 5-6).

The FLSA authorizes collective actions against employers accused of violating the FLSA. Section 216(b) provides that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." Melendez v. G4S Secure Sols. (USA) Inc., No. 20-

24213-CIV, 2020 WL 10140956, at *2 (S.D. Fla. Dec. 11, 2020) (citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008)).

"The Eleventh Circuit has not adopted a clear definition of how similar employees must be in order for a case to proceed as a collective action." Id. "It has, however, provided some guidance. The employees should be similarly situated with respect to their job requirements and with regard to their pay provisions." Id. (quoting Morgan, 551 F.3d at 1259) (internal quotation marks omitted). "[W]here a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage." Id.

Courts commonly consider five factors at the conditional certification stage in determining whether members of a class are similarly situated:

> (1) whether plaintiffs held the same job title;
> (2) whether they worked in the same geographic location;
> (3) whether the alleged violations occurred during the same time period; (4) whether plaintiffs were subjected to the same policies and practices, and whether the policies and practices were established in the same manner and by the same decision maker; and
> (5) the degree to which the actions constituting the claims violations are similar.

Compere v. Nusret Miami, LLC, 391 F. Supp. 3d 1197, 1202 (S.D. Fla. 2019). No single factor is dispositive. Id.

The amended complaint sufficiently alleges that Chen and Yang and the other employees of Yaki Sushi were similarly situated. All the employees worked at the restaurant's only location, and the alleged violations occurred during the same time period. Further, the amended complaint alleges that all employees were subject to the same policy of failing to pay promised monthly salaries and failing to pay overtime wages. Chen and Yang allege that employees held "various roles" at Yaki Sushi. For instance, Chen worked as a "miscellaneous kitchen helper," waitress, hostess, and cashier. (Doc. # 23 at ¶ 27). These are roles are similar to those held by the other Yaki Sushi employees.

Critically, regardless of the role each employee held, Chen and Yang allege that all the non-exempt employees were subject to the same restaurant pay policies. Several courts have conditionally certified FLSA classes that encompass a range of restaurant employees when the plaintiffs show that the defendants' common policy gave rise to the FLSA violation asserted by all class members:

> "If, as Plaintiffs have alleged and shown, they are all harmed by the same company pay policies, then it is of no consequence whether their job duties

> are similar, what kind of work they performed, why they worked off the clock, and the like. What matters is that they did work off the clock, that [Defendants] required or permitted them to do so, and that they were not paid statutory overtime that was otherwise due."

Alequin v. Darden Restaurants, Inc., No. 12-61742-CIV, 2013 WL 3939373, at *7 (S.D. Fla. July 12, 2013) (quoting Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1239 (S.D. Ala. 2008)) (alteration in original); see also Page v. I Love Sushi, Inc., No. 5:17-CV-01146-MHH, 2018 WL 11453813, at *5 (N.D. Ala. Aug. 14, 2018) (certifying collective of restaurant managers and servers whose overtime claim arose from employer's common policy of paying hourly employees at a flat rate, regardless of hours worked); Harper v. Lovetts Buffett, Inc., 185 F.R.D. 358, 363 (M.D. Ala. 1999) (certifying collective of hourly workers employed at one restaurant location who were subject to same overtime policy).

    Here, Chen and Yang allege that all employees were subject to the same pay policies and that they were harmed by Wow and Huynh's failure to pay their employees minimum wage or overtime pay. Therefore, at this stage, Chen and Yang have sufficiently alleged that the potential collective members

8

are similarly situated to avoid dismissal of their collective claims.

**B.     FMWA Pre-Suit Notice Requirement**

Wow and Huynh argue that Count II should be dismissed because Chen and Yang failed to give timely pre-suit notice of the claim, as required by the FMWA. (Doc. # 36 at 3-5). Chen and Yang respond that, although they did not meet the notice requirement prior to filing suit, they cured this defect by providing notice of the claim prior to filing their amended complaint. (Doc. # 39 at 7-8). Both sides additionally argue that, if it finds their notice insufficient, the Court should decline to exercise supplemental jurisdiction over the FMWA claim to avoid ruling on a novel and complex issue of Florida constitutional law. (Id.; Doc. # 36 at 3-5).

First, both parties are mistaken regarding the constitutional issue they raise. Article X, Section 24 to the Florida Constitution provides that "Employers shall pay Employees Wages no less than the Minimum Wage for hours worked in Florida" and details the right of employees to bring a civil action against employers that fail to pay the minimum wage. Fla. Const. Art. X, § 24(c), (e). The FMWA creates a cause of action for employees to claim unpaid minimum wages,

9

provided that the employee gives notice of their intention to file such a claim:

> [P]rior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Fla. Stat. § 448.110(6)(a).

The FMWA claim before this Court does not raise a novel or complex issue of state law that could allow it to decline supplemental jurisdiction. True, federal district courts in Florida are divided over whether there is an independent cause of action under Article X of the Florida Constitution, and if so, whether that action is subject to the pre-suit requirements of the FMWA. See Oster v. Lucky Rest. Mgmt. LLC, No. 8:16-cv-2352-VMC-MAP, 2016 WL 6893972, at *2-3 (M.D. Fla. Nov. 23, 2016) (detailing disagreement among district courts). Here, however, Chen and Yang have brought a claim not under Article X, but under the FMWA itself. See (Doc. # 23 at ¶ 87) ("[Wow] knowingly, willfully, and maliciously disregarded the provisions of the FMWA by failing to pay Plaintiffs at least the minimum wage"). On this issue, courts

are not divided – plaintiffs must follow the pre-suit notice requirement for such claims.

Second, Chen and Yang have cured the defect by providing sufficient notice prior to the filing of their amended complaint. In their amended complaint, they allege that, pursuant to Section 448.110(6), they mailed notice to Wow and Huynh on December 21, 2022, and that more than fifteen days passed between when the notice was received and when the amended complaint was filed. (Id. at ¶ 9). As such, the amended complaint complies with the FMWA's pre-suit notice requirement. See Ayala v. Nissan N. Am., Inc., No. 6:20-cv-1625-RBD-GJK, 2021 WL 2253608, at *2 (M.D. Fla. June 3, 2021) (finding that plaintiffs had not complied with pre-suit notice requirement prior to bringing their initial complaint but allowing plaintiffs to "file an amended complaint correcting the deficiencies identified" in the court's order); Hyskaj v. New York New York Pizza, LLC, No. 8:18-cv-397-MSS-TGW, 2018 WL 7458261, at *7 (M.D. Fla. Nov. 14, 2018) (same).

### C. Claims Against Huynh Individually

Wow and Huynh claim that Counts II and IV should be dismissed because they cannot be brought against Huynh in her individual capacity. (Doc. # 36 at 5-6). This argument is

11

irrelevant, however, as Chen and Yang did not bring Count II or IV against Huynh individually. In the amended complaint, Chen and Yang specify that they assert Counts II and IV against Wow only. (Doc. # 23 at 16-17, 18-19).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Wow Restaurant Management LLC and Kimberly Huynh's Amended Motion to Dismiss (Doc. # 36) is **DENIED.**

(2) Defendants' Motion to Dismiss (Doc. # 33) is **DENIED** as moot.

(3) Defendants are directed to file their answer to the amended complaint within 14 days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of April, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

12