```
UNITED STATES DISTRICT COURT
 MIDDLE DISTRICT OF FLORIDA
       TAMPA DIVISION
```

YANHONG CHEN and LUTONG YANG,
on behalf of themselves
and others similarly situated,

       Plaintiffs,

v.                        Case No. 8:22-cv-2774-VMC-MRM

WOW RESTAURANT TH, LLC
and TRINH HUYNH,

       Defendants.
_____/

**ORDER**

    This matter comes before the Court upon consideration of Defendants Wow Restaurant TH, LLC and Trinh Huynh's Motion for Summary Judgment (Doc. # 78), filed on June 23, 2023. Plaintiffs Yanhong Chen and Lutong Yang responded on July 14, 2023. (Doc. # 87). Defendants replied on July 18, 2023. (Doc. # 90). For the reasons that follow, the Motion is denied without prejudice as premature.

**I.   Background**

    Plaintiffs initiated this Fair Labor Standards Act ("FLSA"), Florida Minimum Wage Act ("FMWA"), and breach of contract action against their former employers, Wow Restaurant TH, LLC and Huynh, on December 6, 2022. (Doc. # 3). They filed the amended complaint on January 16, 2023,

1

asserting FLSA claims for failure to pay minimum wages and failure to pay overtime wages on behalf of themselves and a collective of other employees of Defendants, and Florida law claims for failure to pay minimum wages and breach of contract. (Doc. # 23).

On March 8, 2023, the Court entered its Case Management and Scheduling Order, which set a discovery deadline of October 16, 2023. (Doc. # 46). Subsequently, Plaintiffs moved for conditional certification of an FLSA collective, and the Court certified that collective on June 13, 2023. (Doc. # 76).

A few days after the Court's ruling conditionally certifying an FLSA collective and multiple months before the end of the discovery period, Defendants moved for summary judgment on all counts of the amended complaint. (Doc. # 78). Plaintiffs have responded (Doc. # 87), and Defendants have replied. (Doc. # 90). The Motion is ripe for review.

**II. Discussion**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56(a). As stated in Blumel v. Mylander, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has determined that "summary judgment may only be decided upon an adequate record." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988).

>The Eleventh Circuit expounded:
>
>[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Id. at 870 (internal citations omitted).

Furthermore, Rule 56(d) acknowledges that courts may defer or deny premature motions for summary judgment: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering

3

the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Here, Plaintiffs insist that they have not had a meaningful opportunity to develop the facts through discovery and support this statement with counsel's affidavit. (Doc. # 87 at 7-10; Doc. # 87-4). Plaintiffs point out that their depositions have not yet been taken because they are scheduled for early August. (Doc. # 87 at 7). Thus, Plaintiffs have not yet been able to testify about "the practices that they witnessed at [D]efendants' place of business." (Id.). Additionally, Plaintiffs assert that documents they requested from Defendants have not yet been turned over. (Id. at 9). According to Plaintiffs, these requested documents are related to the claim that Plaintiffs were "not paid minimum wage and overtime" because they would show that Defendants' previously disclosed documents "are not entirely correct and do not accurately reflect [P]laintiffs' times or wages." (Id. at 9-10).

Upon due consideration, the Court determines that Defendants' Motion should be denied as premature, given the importance of the discovery not yet completed to Plaintiffs' establishment of their case. The court reached a similar

4

result in Blumel. 919 F. Supp. at 423. There, the plaintiff filed a motion for summary judgment "when discovery just began." Id. at 429. The court denied the motion for summary judgment as "blatantly premature" after finding that "there has been inadequate time for discovery." Id. The court explained, "If the Court were to rule on the merits of [the plaintiff's] motion, such ruling would frustrate the [defendants'] right to factually investigate." Id.; see also Royal Oak Enters., LLC v. Nature's Grilling Prod., LLC, No. 1:10-cv-2494-JEC, 2011 WL 5858057, at *3 (N.D. Ga. Nov. 21, 2011) ("Depending on the evidence that is developed during discovery, defendant may ultimately prevail on its motion for summary judgment. However, at this stage in the litigation, the motion is clearly premature.").

Therefore, in order to allow the parties the opportunity to engage meaningfully in discovery, the Court denies the premature Motion without prejudice. After discovery is complete, Defendants may file a renewed motion for summary judgment. In doing so, Defendants must ensure that their motion complies with the requirements for summary judgment motions previously explained by the Court. (Doc. # 48).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Wow Restaurant TH, LLC and Trinh Huynh's Motion for Summary Judgment (Doc. # 78) is **DENIED** without prejudice as premature.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of July, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE