**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
Case No.: 8:22-cv-02774-VMC-NHA

YANHONG CHEN and XIN QIANG,

Plaintiffs,

v.

WOW RESTAURANT TH LLC d/b/a
Yaki Sushi Grill BBQ and
TRINH HUYNH,

Defendants.

_____/

### DEFENDANTS' MOTION TO TAX COSTS

Pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and Local Rule 7.03 of the United States District Court for the Middle District of Florida, Defendants WOW RESTAURANT TH LLC d/b/a Yaki Sushi Grill BBQ and TRINH HUYNH (collectively, "Defendants"), the prevailing parties in this action, hereby move the Clerk to tax costs against Plaintiffs YANHONG CHEN and XIN QIANG (collectively, "Plaintiffs") in the amount of $1,601.75.00. In support thereof, Defendants state as follows:

### I. BACKGROUND

1. On November 3, 2025, the Court entered Final Judgment in favor of Defendants and against Plaintiffs on all claims in this Fair Labor Standards Act ("FLSA") action. (Doc. 202).

2. As the prevailing parties, Defendants are entitled to recover their below taxable costs pursuant to Fed. R. Civ. P. 54(d)(1), which provides that costs "should be allowed to the prevailing party" unless the Court otherwise directs, and 28 U.S.C. § 1920, which enumerates the categories of recoverable costs.[1]

| Category | Description | Amount | Statutory Basis |
|---|---|---|---|
| Fees for Transcripts Necessarily Obtained for Use in the Case (§ 1920(2)) | Transcript of Deposition of Plaintiff YANHONG CHEN (August 7, 2023; 234 pages, including exhibits). This deposition was necessarily obtained for use in the case, as it was relied upon in Defendants' successful verdict and for trial preparation. | 1051.75 | 28 U.S.C. § 1920(2) |
| Compensation of Interpreters(§ 1920(6)) | Fees for Mandarin interpreter for Deposition of Plaintiff YANHONG CHEN (August 7, 2023; approx. 5.5 hours). The interpreter was necessary due to the deponent's limited English proficiency, as evidenced in the transcript. | 550 | 28 U.S.C. § 1920(6) |
| TOTAL | | 1601.75 | |

---

[1] The time and cost of Yanhong Chen's deposition can be tracked Chen's Depo Trans [DE 131-1], which shows the corresponding time of nearly 6 hours for Chen only.

3. Local Rule 7.03 requires that a prevailing party file an itemized bill of costs with the Clerk within 30 days after entry of judgment. This Motion is timely filed.

4. Defendants have conferred in good faith with Plaintiffs' counsel pursuant to Local Rule 3.01(g) regarding the costs sought herein. The parties were unable to reach an agreement on the taxation of costs.

## II. ITEMIZATION OF TAXABLE COSTS

Defendants seek taxation of the following costs, all of which were necessarily incurred in the defense of this action and are recoverable under 28 U.S.C. § 1920:

5. All costs itemized above were actually and necessarily incurred in defending this action. The depositions were critical to Defendants' defense, as Plaintiffs' claims turned on factual disputes regarding hours worked and compensation, which were explored in detail during the depositions. The transcripts were used in preparing motions and would have been used at trial had the case proceeded. See, e.g., *EEOC v. W&O, Inc., 213 F.3d 600*, 620-21 (11th Cir. 2000) (deposition costs taxable if "necessarily obtained for use in the case," even if not introduced at trial).

6. Interpreter services were essential, as deponent Yanhong Chen required Mandarin interpretation throughout the deposition, which was conducted via videoconference. Such costs are expressly recoverable under § 1920(6). See, e.g., *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012) (interpreting § 1920(6) to include oral interpreters).

7. Attached hereto as Exhibit A is the Declaration of Jianyin Liu, attesting to the accuracy and necessity of these costs, along with copies of the relevant invoices from Prestige Reporting Service, Inc. and the interpreter.

### III. REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that the Clerk tax costs against Plaintiffs in the amount of $ 1,601.75, and grant such other and further relief as the Court deems just and proper.

### LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that a good-faith conference was held with Plaintiffs' counsel on November 3, 2025, via email/telephone, to resolve this matter without Court intervention, but the parties were unable to agree.

Dated: November 6, 2025

Respectfully submitted,

/s/ Jianyin Liu
JIANYIN LIU, ESQUIRE
Florida Bar No.: 1007675
The Law Offices of Jianyin Liu, PLLC
15750 Southwest 92nd Avenue, Unit C
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Attorney for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Nov. 6, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

/s/ Jianyin Liu