UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YANHONG CHEN and XIN QIANG,
        Plaintiffs,

v.                                    Case No. 8:22-cv-2774-VMC-NHA

WOW RESTAURANT TH, LLC and
TRINH HUYNH,
        Defendants.

_____/

## Order

This matter comes before the Court upon consideration of Defendants Wow Restaurant TH, LLC and Trinh Huynh's Proposed Bill of Costs (Doc. # 206), filed on November 6, 2025. On November 21, 2025, Plaintiffs Yanhong Chen and Xin Qiang filed Objections to the Proposed Bill of Costs. (Doc. # 207). For the reasons that follow, the Objections to the Proposed Bill of Costs are overruled.

## I.   Background

Chen and former plaintiff Lutong Yang initiated this Fair Labor Standards Act ("FLSA"), Florida Minimum Wage Act ("FMWA"), and breach of contract action against their former employers, Wow Restaurant TH, LLC and Huynh, on December 6, 2022. (Doc. # 3). They filed the amended complaint on January 16, 2023, asserting FLSA claims for failure to pay minimum wages and failure to pay overtime wages on behalf of

1

themselves and a collective of other employees of Defendants, and Florida law claims for failure to pay minimum wages and breach of contract. (Doc. # 23). Qiang filed a notice of consent to join as to the FLSA claims on April 27, 2023. (Doc. # 59). The case proceeded through discovery.

Following a jury trial, judgment was entered in favor of Defendants. (Doc. # 202). Defendants then filed a Proposed Bill of Costs seeking to recover transcription and interpreter costs totaling $1,601.75. (Doc. # 206). Plaintiffs have filed their Objections. (Doc. # 207). The Objections are ripe for review.

## II.  **Discussion**

Defendants seek to recover $1,601.75 in costs incurred during this action. (Doc. # 206). Plaintiffs do not object to the amount or type of costs claimed by Defendants. Rather, Plaintiffs argue that costs are not recoverable by prevailing defendants in FLSA actions. (Doc. # 207 at 5-7). Alternatively, Plaintiffs argue that the Court should exercise its discretion to decline awarding costs here. The Court is not persuaded by Plaintiffs' contentions.

"A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute." Ferguson v. Bombardier Servs. Corp., No. 8:03-cv-1380-GAP, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007)

2

(citing Fed. R. Civ. P. 54(d)(1)). Although this Court "has discretion to deny a prevailing party costs, such discretion is not unfettered." Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995). Indeed, the prevailing party is "entitled to their costs unless the district court has some special reason to deny the costs." Id. at 355.

Contrary to Plaintiffs' assertion, costs are awardable to prevailing defendants in FLSA actions. See Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1339 (S.D. Fla. 2009) (awarding costs to prevailing defendant employer in FLSA action). The cases relied upon by Plaintiffs are inapposite as they address the distinct issue of whether prevailing defendants may recover attorneys' fees in FLSA actions.

Moreover, Plaintiffs have not demonstrated that the Court should decline to award Defendants costs here. Plaintiffs offer their W2s from 2022 as support for their claim that they are unable to pay the costs. (Doc. # 207 at 8-9; Doc. # 207-1). However, Plaintiffs do not state whether they are presently employed or otherwise explain their current financial situation. Plaintiffs further argue that an award of costs is not appropriate here because: (1) Defendants did not assert any counterclaims, (2) this was a close case involving difficult issues of law, and (3) awarding costs would have a chilling effect on the filing of FLSA actions.

3

(Doc. # 207 at 9-12). The Court does not find these arguments sufficient to warrant departing from the general rule permitting costs to be recovered by the prevailing party. See Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) ("In essence," the reason denying an award of costs "must be that there would be an element of injustice in a presumptive cost award." (internal quotation marks omitted)).

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)   Plaintiffs Yanhong Chen and Xin Qiang's Objections to the Proposed Bill of Costs (Doc. # 207) are **OVERRULED.**

(2)   The Clerk is directed to enter a Bill of Costs in favor of Defendants Wow Restaurant TH, LLC and Trinh Huynh and against Plaintiffs Yanhong Chen and Xin Qiang in the amount of $1,601.75.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of February, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4